Opinion issued May 15, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00850-CR




CHRISTOPHER LEE JAENICKE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 702043




O P I N I O N

           The trial court found appellant, Christopher Lee Jaenicke, guilty of aggravated
assault and assessed punishment at 20 years in prison. We address whether the trial
court’s assessment of the maximum punishment based on jury verdicts in other cases
constitutes fundamental error and, alternatively, whether appellant was denied the
effective assistance of counsel because counsel did not object to the alleged error and
did not present mitigating character evidence. We affirm. 
Background

          Appellant shot Angelo Montero during a purported drug transaction. The trial
court found appellant guilty and assessed the maximum punishment. Appellant filed
a motion for new trial, which the trial court denied. Appellant filed a post-conviction
application for writ of habeas corpus and, on June 26, 2002, the Court of Criminal
Appeals granted appellant an out-of-time appeal.


 Appellant again filed a motion for
new trial, the trial court conducted a hearing, and the motion was overruled by
operation of law. 
          Fundamental Error
          In issue one, appellant contends that the trial court committed fundamental
error by assessing the maximum punishment based on jury verdicts in other cases. 
Appellant claims that he was denied a fair and impartial judge at the sentencing
hearing, in violation of the Due Process clause of the United States Constitution.


 See
U.S. Const. amend. V.
          Appellant complains of the trial court’s following statement:
          I listened very carefully to the testimony of the witnesses, but I told you,
Mr. Jaenicke [appellant’s father] and Mr. Barnette [appellant’s pastoral
counselor], if Mr. Angelo Montero had died, your son would be tried
right now for capital murder. I have heard many jurors reach verdicts on
cases probably not as bad as this where they assessed the maximum
punishment. Therefore, I am forced to assess the maximum punishment
in this case. 
          Appellant admits that his “[d]efense counsel did not object to the court’s
assessment of the maximum punishment based on jury verdicts in other cases, nor did
he ask [the trial court] to set aside the punishment and recuse himself so another
judge could assess the punishment.” Appellant acknowledges the rule that a party
generally must object to preserve error.


 See Tex. R. App. P. 33.1(a). However,
appellant maintains that no objection was necessary to preserve error because an
appellate court can notice fundamental error affecting substantial rights despite the
error’s not being brought to the trial court’s attention. Appellant relies on Blue v.
State to support his argument. 41 S.W.3d 129 (Tex. Crim. App. 2000).
          In Blue, the Texas Court of Criminal Appeals acknowledged the general rule
that counsel must object at trial to preserve error for appellate review. Id. at 131. 
However, the court also noted that Texas Rule of Evidence 103(d) permits appellate
courts to “tak[e] notice of fundamental errors affecting substantial rights although
they were not brought to the attention of the court.” Id. The Blue court held that
“comments of the trial judge, which tainted appellant’s presumption of innocence in
front of the venire, were fundamental error of constitutional dimension and required
no objection.” Id. at 132. 
          The Blue court described fundamental error in terms of the fundamental rights
sought to be protected:
Some rights are widely considered so fundamental to the proper
functioning of our adjudicatory process as to enjoy special protection in
the system. A principle [sic] characteristic of these rights is that they
cannot be forfeited. That is to say, they are not extinguished by inaction
alone. Instead, if a defendant wants to relinquish one or more of them,
he must do so expressly.

Id. at 131 (quoting Marin v. State, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993),
overruled on other grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App.
1997)). Although the lead opinion described the fundamental right at issue in Blue
as a defendant’s presumption of innocence, a concurring opinion described the
fundamental right at issue as the right to an impartial trial judge. Compare id. at 132
with id. at 138-39 (Keasler, J., concurring). The latter characterization matches
appellant’s claim in this case.
          Due process requires a neutral and detached judicial officer. Salinas v. State,
9 S.W.3d 338, 340 (Tex. App.—San Antonio 1999, no pet.). “A court’s arbitrary
refusal to consider the entire range of punishment would constitute a denial of due
process . . . .” McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983)
(emphasis added). Additionally, a court denies a defendant due process when it
refuses to consider the evidence or when it imposes a predetermined punishment. 
Howard v. State, 830 S.W.2d 785, 787 (Tex. App.—San Antonio 1992, pet. ref’d). 
In the absence of a clear showing to the contrary, a reviewing court will presume that
the trial court was neutral and detached. See Steadman v. State, 31 S.W.3d 738, 741-42 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).
          Although the trial court’s comment referred to its general knowledge from
other cases, the statement implicitly showed that the court had considered the
evidence of appellant’s sentencing hearing. The trial court particularly stated that it
had “listened very carefully to the testimony of the witnesses.” The court’s statement
reflects both consideration of the evidence and comparison of appellant’s case to
other cases. The trial court’s statement is not sufficient to rebut the presumption of
a neutral and detached trial court. The statement shows neither that the trial court
failed to consider the full range of punishment nor that the court based its assessment
of punishment on verdicts from other cases. Neither does the court’s statement reveal
a predetermined punishment. Therefore, we conclude that the trial court’s statements
did not infringe on appellant’s due process rights or constitute fundamental error.
          Accordingly, we overrule issue one.
Ineffective Assistance of Counsel
          In issue two, appellant alternatively argues that he was denied effective
assistance of counsel at the punishment stage because his counsel did not object to
the trial court’s above statement and did not present mitigating character evidence.
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Appellant must show both that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment and
(2) there is a reasonable probability that, but for counsel’s error or omission, the result
of the proceedings would have been different. Strickland, 466 U.S. at 687-96, 104
S. Ct. at 2064-69; Thompson, 9 S.W.3d at 812. Effective assistance of counsel does
not mean errorless counsel. See Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim.
App. 1983). In determining whether counsel was ineffective, we consider the totality
of the circumstances of the particular case. Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813. A defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). An appellate court will not find
ineffectiveness based on speculation. Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. Assertions
of ineffective assistance of counsel must be firmly founded in the record. Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). 
          Appellant argues that counsel failed to object to the trial court’s assessment of
the maximum punishment based on jury verdicts in other cases and that this failure
to object was not strategic. During a hearing on appellant’s motion for new trial, trial
counsel gave the following explanations for his failure to object:



Appellate Counsel:Do you recall when [the trial court]
pronounced sentence that he said that he was
forced to assess the maximum sentence of 20
years because he had heard many jurors reach
verdicts on cases, probably not as bad as this,
where they had assessed the maximum
punishment?
 
Trial Counsel:Even six years later those words are still
burning in my ears. Yes.
 
Appellate Counsel:The record reflects you didn’t object to the
statement or—
 
Trial Counsel: I did not.
 
Appellate Counsel:Alright. And the record reflects you did not
request that [the trial court] not assess the
punishment or do anything to try to derail the
train at that moment.
 
Trial Counsel:Not at that point.

 
Appellate Counsel:Could you think of a legal objection to make
at that time?
 
Trial Counsel:At that point, I was so shocked I couldn’t
believe that he had said that.
. . . 
 
Trial Counsel:My feeling was that, unfortunately, although
the Judge may have said that, he had full
discretion in terms of making the decision. 
And so, whether or not he said that, I felt like
it was still his discretion to make that,
whatever decision he made. And so, I
didn’t—I didn’t object because I thought it
was still within his discretion, whether or not
he had heard other cases, which were not
relevant to that particular case.
. . .
 
Appellate Counsel:And if you had known that [the trial court]
was going to base his punishment on jury
verdicts he had heard in other cases, and that
he would feel bound by that, would you have
recommended that [the trial court] assess
punishment? 
. . .
 
Trial Counsel:If I had known that [the trial court] was going
to base his decision on what other juries had
done in other cases that had nothing to do
with the facts of this case, I would have—I
would have made a different decision.
. . .
 
Appellate Counsel:Was your failure to object to [the trial court’s]
assessing the punishment once he made the
statement strategic on your part, or was it the
basis of you not being able to think of a
proper objection?
 
Trial Counsel:Well, I don’t think it was strategic. 

          The record contains conflicting evidence as to whether counsel’s failure to
object to the trial court’s assessment of the maximum punishment based on jury
verdicts in other cases was reasonable trial strategy. At one point, trial counsel
admitted that his failure to object was not strategic, but he elsewhere stated that he
did not object based on the trial court’s having full discretion to make the sentencing
decision. Assuming without deciding that the trial court’s comment did constitute
error and that counsel did act deficiently in failing to object to the trial court’s
assessment of punishment, this Court cannot find ineffective assistance of counsel
without the demonstration of a reasonable probability that the result of the sentencing
hearing would have been different if counsel had objected to the punishment. 
          In this case, appellant alleges that “there is a reasonable probability that a fair
and impartial judge who did not feel bound by jury verdicts in other cases would have
assessed less than the maximum punishment of 20 years.” Appellant states that he
“need not show that counsel’s deficient performance probably resulted in the 20-year
sentence; he need only show a reasonable probability that counsel’s errors undermine
confidence in the sentence.” As discussed in issue one, appellant fails to overcome
the strong presumption that the trial court was neutral. Appellant also fails to show
that the outcome of the sentencing proceeding would have been different. In fact,
there is ample evidence in the record to support the trial court’s assessment of the
maximum punishment. Appellant committed aggravated assault by shooting one
person while a co-defendant shot another person during a purported cocaine
transaction. Appellant had prior convictions for misdemeanor theft, unlawfully
carrying a pistol, unlawfully carrying brass knuckles, and three Class C
misdemeanors. He was charged with having committed a new offense of burglary
during the pre-sentence investigation in this case. Under these circumstances,
appellant has not demonstrated that there is a reasonable probability that the trial
court’s assessment of punishment would have been different absent counsel’s alleged
mistake.
          Appellant further argues that counsel failed to present character witnesses in
mitigation of punishment. Trial counsel presented the testimony of a pastoral
counselor, who had counseled with appellant 36 times for two to three hours at a time,
to show appellant’s efforts to free himself from substance addiction. Counsel also
presented the testimony of appellant and his father to beg for mercy from the trial
court. The record of the motion-for-new-trial hearing contains the following
testimony of trial counsel concerning character evidence:
Trial Counsel:I thought that if we brought some witnesses in
[who] would testify about the credibility of
his character, that that might actually work
against us. Because, clearly, he had prior
problems with the law. He had picked up a
new burglary while he was awaiting
sentencing in this case, and so I thought if
anything, it would be incredible as opposed to
credible.
. . .
 
Appellate Counsel:And looking back at it, do you believe that
you should have presented the character
evidence prior to sentencing instead of after
the sentencing?
 
Trial Counsel:Well, we talked about it several times. And to
tell you the truth, you asked me would it have
made a difference, and my candid answer is
possibly, but my feeling is, is that Chris
committed another burglary while he was
waiting for the PSI. And any of the witnesses
that we would have brought in would have
seemed incredible and not credible to the
judge.

Counsel articulated several reasons supporting his decision not to present character
witnesses in mitigation of punishment. Even if this decision were considered
unreasonable and deficient, however, a finding of ineffective assistance of counsel
would still require a reasonable probability that the outcome of the sentencing hearing
would have been different in light of character evidence. The most trial counsel
could muster was a possibility of a different outcome in the face of a totality of
testimony showing that he still believed that calling character witnesses would not
have been effective.
          Appellant has not proved that, but for counsel’s complained-of inactions, the
result of the sentencing hearing would have been different. Therefore, appellant has
not established ineffective assistance of counsel.
          Accordingly, we overrule issue two. 
Conclusion
          We affirm the judgment of the trial court.
 



 
                                                                                    Tim Taft
                                                                        Justice 

Panel consists of Justices Taft, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).