David SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00799–CR.

Court of Appeals of Texas, San Antonio.

Feb. 10, 1999.

Rudy Taylor Monsalvo, Rudy Taylor Monsalvo, P.C., San Antonio, for appellant.

Margaret M. Fent, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

KAREN ANGELINI, Justice.

David Sanchez appeals the trial court's judgment revoking his probation. Sanchez contends that the trial court did not consider the full range of punishment available when it revoked his probation and sentenced him to ten years in prison. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1990, David Sanchez was placed on probation following his convictions for aggravated sexual assault and indecency with a child. Sanchez satisfactorily fulfilled the terms of probation for the indecency with a child offense. However, on February 7, 1997, the State filed a motion to revoke Sanchez's probation for the aggravated sexual assault offense, alleging that he violated condition one of his probation when he stole a car and condition thirteen of his probation when he failed, on numerous occasions, to pay his supervisory fees.

At the hearing on the State's motion to revoke, Sanchez pled not true to theft and true to failing to pay his supervisory fees. The trial court stated:

> Are you aware that just telling me that condition thirteen is true would be enough for the court to grant the motion to revoke? If I do that, you go to prison for ten years on the aggravated sexual assault and five years on the indecency.

After making this statement, the trial court asked Sanchez if he was sure he wanted to plead true to violating condition thirteen. Sanchez indicated that he did. An evidentiary hearing followed, after which the trial court found that Sanchez had violated both condition one and condition thirteen. Accordingly, the trial court revoked Sanchez's probation and sentenced him to ten years in prison.

### ARGUMENT AND AUTHORITY

The Texas Code of Criminal Procedure authorizes the trial court, upon revocation of probation, to impose the punishment originally assessed, as if there had been no probation, or to reduce the term of confinement originally assessed to any term not less than the minimum prescribed for the offense at

issue. *See* TEX.CODE CRIM. P. art. 42.12 § 23(a) (Vernon 1989). Therefore, when his probation was revoked, Sanchez could have been sentenced to a prison term anywhere from the five years minimum imposed by the penal code for a first degree felony up to the ten year maximum recommended in the original jury verdict. Sanchez contends that the trial court's statement prior to accepting his plea of true indicates that the trial court did not consider this entire range of punishment. According to Sanchez, because the trial court stated that Sanchez would go to prison for ten years for the aggravated sexual offense before it had even heard evidence, the trial court determined Sanchez's sentence without benefit of the mitigating evidence adduced at the revocation hearing.

■ It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider mitigating evidence and impose a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim.App.1983); *Burke v. State*, 930 S.W.2d 230, 234 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd); *Howard v. State*, 830 S.W.2d 785, 787 (Tex.App.—San Antonio 1992, pet. ref'd); *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex.App.—Dallas 1991, pet. ref'd); *Cole v. State*, 757 S.W.2d 864, 865 (Tex.App.—Texarkana 1988, pet. ref'd). This occurs when a trial court actually assesses punishment at revocation consistent with the punishment it has previously announced it would assess upon revocation. Such a practice effectively excludes evidence relevant to punishment, precludes the judge from considering the full range of punishment allowed by law, and deprives the defendant of a fair and impartial punishment tribunal. *Fielding v. State*, 719 S.W.2d 361, 368 (Tex.App.— Dallas 1986, pet. ref'd) (Guittard, C.J., dissenting).

In *Howard*, when the trial judge placed the defendant on deferred adjudication probation, he told the defendant that as far as he was concerned, "you can go to TDC for 99 years and stay there," and that if the defendant violated the terms of probation, "the chances are very good that you'll get 99 years and a $10,000 fine." *Howard*, 830 S.W.2d at 787. Upon adjudication of guilt, the trial court assessed punishment at ninety-nine years imprisonment. This court held that the threat of 99 years as punishment and the fact that 99 years were actually assessed indicated that the trial court did not consider the full range of punishment. *Id.* at 788.

Likewise, in *Jefferson*, the trial court "promised" the defendant, at the time he was placed on deferred adjudication probation, that he would receive 20 years imprisonment if he violated the terms of his probation. *Jefferson*, 803 S.W.2d at 471. At the adjudication hearing, the trial court noted that the defendant was aware of the trial court's previous promise and sentenced the defendant to 20 years confinement. The court of appeals reversed the conviction, finding that the trial court prejudged the defendant and sentenced him according to a promised punishment period. *Id.* at 472.

In *Cole*, the trial court wrote on the docket sheet that the defendant would receive 75 years imprisonment if he violated the terms of his deferred adjudication probation. The trial court then stated, "If you come back in here for any reason whatsoever, there won't be an opportunity to give me an excuse. You get the 75, okay." *Cole*, 757 S.W.2d at 865. When the defendant violated the terms of his probation, the trial court did in fact sentence him to 75 years imprisonment. Although finding that the defendant did not preserve his error, the court of appeals noted that the trial court's statements indicated that it had determined the 75 year sentence prior to considering the mitigating evidence. *Id.* at 866.

■ In each of these cases, the trial judge essentially promised the defendant that if he did not comply with the terms of his probation, he would be sentenced to a particular number of years in prison. The present case is distinguishable. First, the context in which the trial court made its statement indicates that the statement was neither a promise nor a threat to sentence Sanchez to ten years imprisonment.

The trial court's statement was made at, not prior to, the revocation/adjudication pro-

ceeding. When the trial court asked Sanchez how he pled to the State's allegation that he violated condition number one of his probation by stealing a car, Sanchez pled not true. Then, when the trial court asked Sanchez how he pled to the State's allegation that he violated condition number thirteen by failing to pay his supervisory fees, he pled true. The trial court then made the statement at issue:

> Are you aware that just telling me that condition thirteen is true would be enough for the court to grant the motion to revoke? If I do that, you go to prison for ten years on the aggravated sexual assault and five years on the indecency.

Sanchez answered in the affirmative, and the trial court then said, "All right. Are you sure you want to plead true?" In context, the statement indicates that the trial court was simply trying to impress on Sanchez that even if it was determined that he did not steal the car, a plea of true to a violation of the less serious condition still subjected him to the full range of punishment.

Furthermore, the record reflects that the trial court did consider the evidence offered in Sanchez's behalf before it imposed sentence. *See Burke*, 930 S.W.2d at 235. The State called three witnesses, all of whom Sanchez cross examined. Sanchez himself took the stand, and he also examined another witness. Both Sanchez and the State offered closing argument. In spite of his plea of not true, the trial court then determined that Sanchez did violate condition number one of his probation. We must assume that, in order to make such a determination, the trial court considered the evidence presented.

Under these circumstances, we cannot say that the trial court arbitrarily refused to consider the entire range of punishment before sentencing Sanchez. Sanchez's argument is overruled. The judgment of the trial court is affirmed.