2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DAVID OLDHAM,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00102-CR



Appeal from the


142nd District Court


of Midland County, Texas 


(TC# CR24284)


MEMORANDUM OPINION


 David Oldham appeals from the revocation of his community supervision and
imposition of a sentence for a 1997 offense of unauthorized use of a motor vehicle. We
affirm.

Facts

 In 1998, Oldham was indicted for unauthorized operation of a motor vehicle on
November 17, 1997. Upon conviction, he was sentenced to two years in the Institutional
or State Jail Division of the Texas Department of Criminal Justice suspended for five
years of community supervision. On December 12, 2001, the State filed a motion to
revoke his community supervision based on six categories of violations:

 1. Oldham violated the laws of Texas by operating a motor vehicle
without a valid license.


 2. Oldham failed to properly report on four occasions to the Midland
County Community Supervision and Corrections Department.


 3. Oldham left Taylor County without the written permission of the
Midland County Community Supervision and Corrections
Department.


 4. Oldham moved from Taylor County without the written permission
of the Midland County Community Supervision and Corrections
Department.


 5. Oldham failed to perform his community service hours.


 6. Oldham was $4,036.75 delinquent in his community supervision
fees. 


Oldham pleaded not true to the allegations. The trial judge found violations of the
allegations in paragraphs two, three, four, and six. Of the four occasions listed in
paragraph two, the judge found violations on only three of the four dates asserted by the
State.

 Originally, Oldham was on probation through the Midland County Community
Supervision and Corrections Department. After he moved to Taylor County, he was
classified as a transferee, and reported both to that county's community supervision office
in person and to the Midland office in writing on a monthly basis. Since March of 2001,
he was required to mail his monthly reports to the Midland office. He failed to do so in
May, June, July, and October of that year. He did report in April, August, September, and
November. Oldham testified that he was excused from this obligation by his supervision
officer in Abilene.

 In October Oldham reported by mail that he had moved to Arlington in Tarrant
County, Texas. He did not have permission for this move to another county as required
by the terms and conditions of his community supervision. Oldham acknowledged that he
did not have permission to leave Taylor County.

Sufficient grounds were shown to support revocation

 Oldham's first issue questions whether the State established each ground raised in
its motion to revoke probation. This, however, is not a requirement. Violation of a single
condition of community supervision is sufficient to support the revocation. See Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Thus, this Court will proceed to see
if the revocation was appropriate under that inquiry.

 The only question presented in an appeal from an order revoking community
supervision is whether the trial court abused its discretion by revoking the appellant's
probation. See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). The
standard of proof in a revocation of probation is whether the State proved the allegation in
the motion to revoke by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871,
874 (Tex. Crim. App. 1993). That is to say that the State meets its burden when the
greater weight of the evidence before the court creates a reasonable belief that the
probationer violated a condition of probation. Jenkins v. State, 740 S.W.2d 435, 437
(Tex. Crim. App. 1983), overruled on other grounds by Saxton v. State, 804 S.W.2d 910,
912 n.3 (Tex. Crim. App. 1991). We review the evidence presented at a revocation
proceeding in the light most favorable to the trial court's judgment. Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981).

 Despite pleading not true to the allegations in the State's motion, Oldham did
admit in his testimony that he did not have permission to leave Taylor County to move to
Tarrant County. Although his brief asserts that he did testify that he received permission
from a probation officer, that is not supported by the record:

 Q. Now, you moved--you moved to Arlington. Did you tell Kyle you
were moving to Arlington?


 A. Yes. I wrote two more letters after that, telling him that I couldn't
find good work here in Abilene--well, in Abilene, Texas, and that I
was looking for better employment and how would I get my
probation transferred.

 And I waited three to four months for an answer, or
somewhat, so I wrote him another one saying I was still having
problems looking for employment. And he never wrote me back or
phoned me back or anything like that.


 Q. Okay. Well, did he give you his approval for you to move to
Arlington?


 A. No, he did not.


 Q. You just notified him--


 A. Correct.


 Q. --and were requesting his approval?


 A. Correct.


 Q. And he didn't follow up with you?


 A. Correct. 


This confirms the testimony of his Midland County supervision officer that Oldham
moved without permission. The difficulty that his probation officer had in contacting him
is precisely why this type of provision is included within the terms and conditions of
community supervision. This alone is sufficient to support the revocation of probation. 
The first issue is overruled.

No evidence shows failure to consider the entire range of punishment

 Oldham's second issue claims that the trial judge erred in failing to consider the
full range of sentencing in this case. He argues that his sentence of two years
incarceration offends the rule that a trial court may not mechanically impose a previously
announced sentence without considering evidence adduced at the revocation hearing. 
Howard v. State, 830 S.W.2d 785, 787-88 (Tex. App.--San Antonio 1992, pet. ref'd). On
review of the record, we can find no evidence that the trial court violated the dictates of
Howard.

 The Texas Code of Criminal Procedure authorizes the trial court, upon revocation
of probation, to impose the punishment originally assessed, as if there had been no
probation, or to reduce the term of confinement originally assessed to any term not less
than the minimum prescribed for the offense at issue. Tex. Code Crim. Proc. Ann. art.
42.12, § 23(a) (Vernon Supp. 2003); Sanchez v. State, 989 S.W.2d 409 (Tex. App.--San
Antonio 1999, no pet.). Thus, Oldham's punishment could be anywhere in the range of
the minimum 180 days' confinement put forth by the Texas Penal Code to a maximum of
two years' confinement, which is what he was sentenced to at his original trial and
happens to be the maximum allowed under the statute for a state jail felony. Tex. Penal
Code Ann. §§ 12.35, 31.07 (Vernon 2003). The specific rule put forth by the line of
cases including Howard is that "It is a denial of due process for the court to arbitrarily
refuse to consider the entire range of punishment for an offense or to refuse to consider
the evidence and impose a predetermined punishment." Howard, 830 S.W.2d at 787
(citing McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); Jefferson v.
State, 803 S.W.2d 470, 471 (Tex. App.--Dallas 1991, pet. ref'd)).

 The act prohibited by Howard "occurs when a trial court actually assesses
punishment at revocation consistent with the punishment it has previously announced it
would assess upon revocation. Such a practice effectively excludes evidence relevant to
punishment, precludes the judge from considering the full range of punishment allowed
by law, and deprives the defendant of a fair and impartial punishment tribunal." Sanchez,
989 S.W.2d at 411 (citing Fielding v. State, 719 S.W.2d 361, 368 (Tex. App.--Dallas
1986, pet. ref'd) (Guittard, C.J., dissenting)).

 Oldham's case does not exhibit the type of infringement upon his due process
rights prohibited by Howard. Originally, Oldham's conviction was for two years'
confinement, which was suspended on the condition of five years successful community
supervision. The fact that the original two years' confinement was imposed may initially
raise the concern that a range was not considered, but upon examination, the record does
not support such a conclusion. Oldham was before the trial court on his second hearing
for revocation. He was found to have violated a number of the terms and conditions of
his community service, any one of which could have justified revocation. Further, there
is absolutely no evidence of any type of promise or threat from the trial judge, the
presence of which appears to be central to the trial judges' decisions in Howard,
Jefferson, and Cole, and the absence of which was noted in Sanchez. The judge in the
present case listened to the evidence. He rejected several of the allegations made by the
motion to revoke community supervision, and imposed sentence. Oldham fails to
advance any evidence that the trial judge assessed a predetermined sentence or otherwise
failed to consider the full range of punishment in his assessment of the law. Under these
circumstances, we cannot say that the trial court arbitrarily refused to consider the entire
range of punishment before sentencing Oldham. The second argument is overruled.

Conclusion

 The judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

March 13, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)