

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00081-CR

_____

ANDRE DEMONT BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 28968

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Andre Demont Brown appeals the adjudication of his guilt for the underlying offense of burglary of a habitation, enhanced.[1] Brown pled true to the allegations contained in the State's motion to revoke, and the trial court sentenced him to thirty-five years' imprisonment.

Brown contends that he was denied due process because the trial court refused to consider the full range of punishment and because of the trial court's bias against community supervision—and because of its bias against Brown.

Pursuant to a plea agreement, Brown was placed on deferred adjudication community supervision July 19, 2007, for the offenses of burglary of a habitation, enhanced, and unauthorized use of a vehicle. The State filed a motion to revoke community supervision alleging that Brown committed theft on September 27, 2007, failed to abstain from the use of narcotic drugs or other controlled substances, and failed to report to his community supervision officer for the months of August and September 2007.

The trial court heard Brown's plea of "true" to the allegations contained in the State's motion to revoke, and, after hearing testimony, rendered its judgment adjudicating guilt and sentencing Brown to thirty-five years' imprisonment on December 20, 2007. The range of punishment for this enhanced offense is five to ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008).

---

[1]This case has been transferred to this Court as part of the Texas Supreme Court's docket equalization program.

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). This occurs when a trial court actually assesses punishment at revocation consistent with the punishment it has previously announced it would assess upon revocation. *Id.* at 456–57; *Sanchez v. State*, 989 S.W.2d 409, 411 (Tex. App.—San Antonio 1999, no pet.). In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

Brown contends the record shows that the court refused to consider the full range of punishment and thus violated his due-process rights because the trial court asked Brown whether he was a convicted felon, and then made statements to Brown such as, "you got a hell of a deal" and "You shouldn't have got probation," referring to Brown's original plea agreement to accept ten years' deferred community supervision.[2]

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined

---

[2]Brown's adjudication proceeding was heard before a different judge than the judge who placed him on deferred community supervision.

punishment. *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002); *Johnson v. State*, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998). Such a complaint is not preserved for review unless a timely objection is raised. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 865 (Tex. App.—Texarkana 1988, pet. ref'd). No objection was made to the court's ruling; thus, the complaint was waived.

Even if we could properly reach this issue, the record does not show that the trial court imposed a "predetermined" punishment, *see Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006), nor does it show that the court had a bias against community supervision—it does show that it believed community supervision was not appropriate for this particular defendant's situation. Thus, no error would be shown in any event.

Brown further contends that the trial court imposed this sentence because of its bias against Brown, based on a series of exchanges between court, counsel, and Brown.

At the hearing, Brown testified he had been in prison for twelve years and had been released in 2004, that he was thirty-seven years old, and had three children. He testified that he "got back . . . in the wrong crowd, got back on drugs."

At the revocation hearing, the following exchange occurred:

THE COURT: Mr. Brown, and I'm not fussing at you. I fuss at everybody that's plead [sic] guilty. It just amazes me. You've already been to prison. I mean, what you did, I mean, you stole a pressure hose. You've just been a pain, you know. You're just -- you're not so much the great big bad criminal, you're just a pain in the

4

butt. You just won't measure up to do what the rest of us have to do. You know, you got cocaine. It's just -- it's just amazing to me.

What does it take to get your attention? You say, well, I was young. Well, hell, you did most of it this year. You're 30 -- you're in your mid thirties.

You've got three children. When's the last -- let me ask you. When's the last time you paid child support for those children?

[Appellant]: Sir, I haven't paid it --

THE COURT: Never paid it?

[Appellant]: -- since 2000 -- I've been locked up since --

THE COURT: I understand that. Well, who do you -- who takes care of those kids, their mother?

[Appellant]: Yes, sir.

THE COURT: And probably gets some help from the state tax payers.

[Appellant]: Yes, sir.

THE COURT: So me and him and everybody else in here has got to pay child support for you while you didn't do anything else.

[Appellant]: Yes, sir.

THE COURT: I mean, you know, there's something as just being sorry.

The court, in pronouncing sentence, stated:

Mr. Brown, you went down for robbery and you went down for delivery of [a] controlled substance. You were dealing drugs and you got to taking things from people that didn't belong to you. Then you come along now -- you got a hell of a deal.

. . . .

You've been out of prison for three years and they let you go on probation. Didn't you realize how -- how -- what a good deal you made? Did you?

. . . .

You shouldn't have got probation. Let's be honest. And -- and I'm saying that, I don't even know who signed this thing or who put you on probation, but that was the best deal you could ever have. That's a better deal than I've ever seen. Do you understand?

The parties have a right to a fair trial. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Markowitz v. Markowitz*, 118 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). One of the most fundamental components of a fair trial is a neutral and detached judge. *Dockstade*r, 233 S.W.3d at 108; *Markowitz*, 118 S.W.3d at 86. A judge should not act as an advocate or adversary for any party. *Dockstader*, 233 S.W.3d at 108. To reverse a judgment on the ground of improper conduct or comments of the judge, we must find from a review of the entire record (1) that judicial impropriety was in fact committed, and (2) probable prejudice to the complaining party. *Id.* Judicial remarks critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id.* Such remarks may constitute bias if they reveal an opinion deriving from an extrajudicial source; however, when no extrajudicial source is alleged, such remarks will constitute bias only if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *Id.*

6

We conclude that the record does not show that the trial court predetermined Brown's sentence in this case, nor does the record show bias or partiality on the part of the trial court.[3] Brown had been out of prison less than three years before entering a plea agreement for deferred adjudication for the offenses of unauthorized use of a vehicle and burglary of a building in July 2007. He then failed to meet the requirements of his community supervision and was back before the court in December 2007 on the State's motion to revoke. Annoyance or disgust with a defendant's continued criminal behavior despite having more than one opportunity to change his ways—does not reflect bias. The highest punishment range for this offense is ninety-nine years in prison, and the trial court sentenced Brown to thirty-five years, near the lower range of punishment.

We find no error. Brown's due-process rights were not violated, and we overrule his points of error.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     August 29, 2008
Date Decided:       September 15, 2008

Do Not Publish

---

[3]Counsel directs our attention to our opinion in *Stafford v. State*, 948 S.W.2d 921 (Tex. App.—Texarkana 1997, pet. ref'd). That opinion addresses a disqualification/recusal scenario, and is not relevant to this analysis.