

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00095-CR

_____

GARY TRISTON GUICE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 35,852-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Gary Triston Guice appeals from his conviction on his open plea of guilty to three felony offenses in a single proceeding. In this case, he pled guilty to the offense of aggravated robbery. The issue of punishment was tried to the trial court, which sentenced Guice to life imprisonment in this case, to run concurrently with the sentences in the other two cases.[1]

On appeal, Guice raises two contentions of error. First, he argues that the trial court committed reversible error by failing to consider the entire range of punishment for the offense, and second, that the punishment imposed violated the right against cruel and unusual punishment.

**Failure to Consider Entire Range of Punishment**

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). This occurs when a trial court actually assesses punishment at revocation consistent with the punishment it has previously announced it would assess upon revocation. *Id.* at 456–57; *Sanchez v. State*, 989 S.W.2d 409, 411 (Tex. App.—San Antonio 1999, no pet.). In the absence of a clear showing to the

---

[1]In cause number 06-08-00096-CR (trial cause number 36,392-A), Guice was convicted of sexual assault and sentenced to twenty years' imprisonment. In cause number 06-08-00097-CR (trial number 36,394-A), Guice was convicted of aggravated kidnapping and sentenced to life imprisonment.

contrary, we presume that the trial court was neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

Guice contends the record shows that the trial court refused to consider the full range of punishment and thus violated his due process rights because of the following discussion:

> THE COURT: Now, you are requesting -- as I understand it, you've made an application for probation in each case; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I'm certainly going to listen to your request for probation, but I'm under no obligation to grant probation. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Counsel goes on to point out that just prior to that statement, the trial court had not mentioned the possibility of community supervision when it admonished Guice about the possible range of punishment, and also that trial counsel for Guice had not mentioned community supervision during punishment recommendation, instead seeking a range of between thirty and forty years. The court also made the following comment:

> There are no mitigating circumstances in this case. I agree wholeheartedly with the State that these cases involve maximum sentences, and I'm going to impose the maximum sentence in each case.

Counsel suggests that this combination of factors shows that the trial court did not consider the entire possible range of punishment when assessing punishment for Guice. We disagree.

3

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002); *Johnson v. State*, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998). Such a complaint is not preserved for review unless a timely objection is raised. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 865 (Tex. App.—Texarkana 1988, pet. ref'd). No objection was made to the court's ruling; thus, the complaint was waived.

Even if we could properly reach this issue, the record does not show that the trial court imposed a "predetermined" punishment, *see Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006), nor does it show that the court did not consider the possibility of community supervision—it does show that the court believed community supervision was not appropriate for this particular defendant's situation. Thus, no error would be shown in any event.

**Constitutionally Disproportionate Sentencing**

Guice contends in his second point of error that the punishment assessed is constitutionally disproportionate to his crime.

To preserve this complaint for appellate review, Guice must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187

4

S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review).

We have reviewed the record of the trial proceeding. No relevant request, objection, or motion was made at trial. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review (*see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), Guice's motion for new trial did not contain an allegation that the sentence was disproportionate to the offense. Guice's motion for new trial contains a contention that "the punishment assessed violated the Eighth Amendment and Article 1, Section 13, Texas Constitution, in its severity, indicating the trial court failed to consider the full range of punishment." He has not preserved the disproportionality claim for review on appeal.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     December 22, 2008
Date Decided:       December 23, 2008

Do Not Publish

5