

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00093-CR

CHOL A. AJAK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4221, Honorable Dan Mike Bird, Presiding

August 6, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Chol A. Ajak, appeals the trial court's judgment in which the trial court revoked his community supervision and sentenced appellant to five years' imprisonment for the third-degree felony offense of driving while intoxicated, it being his third or greater offense.[1]  On appeal, he contends that the five-year sentence imposed was disproportionate to the offense.  We will affirm.

---

[1] See TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014).

## Factual and Procedural History

In November 2012, pursuant to a plea bargain, appellant pleaded guilty to charges of a third or greater offense of driving while intoxicated in trial court cause number 4221. In exchange for his plea of guilty, appellant was placed on community supervision for a period of five years. As part of that arrangement, he was subject to a number of terms and conditions, one of which was Condition No. 3 that appellant "[c]ommit no offense against the laws of this State or any other State or the United States." When, in July 2013, appellant was arrested for yet another subsequent offense of driving while intoxicated and also for driving on an expired license, the State moved to revoke appellant's community supervision imposed as punishment for the 2012 DWI conviction based on his violations of Condition No. 3 by committing the named offenses. The State also alleged that appellant failed to pay his fine, court costs, restitution, and monthly probation service fee such that he was delinquent in the amount of $581.92.

Appellant pleaded true to those allegations. The trial court found the State's first two allegations that appellant committed criminal offenses to be true, revoked appellant's community supervision, and sentenced appellant to five years' imprisonment. Appellant appeals, contending that the five-year sentence is disproportionate punishment for the offense committed.

## Applicable Law and Analysis

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for

2

the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing TEX. R. APP. P. 33.1). Error may also be preserved for a disproportionate sentencing allegation by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam). In the absence of preservation by either method, appellant loses the right to complain about the proportionality of the sentence on appeal. *See Malone v. State*, 163 S.W.3d 785, 803 (Tex. App.—Texarkana 2005, pet. ref'd); *see also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc) (holding defendant failed to preserve cruel and unusual punishment claim when he urged no objection in trial court); *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd) (same).

Here, when the trial court pronounced its sentence, appellant lodged no objection at all, nothing that could even arguably raise the issue. *See Speckman v. State*, Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 Tex. App. LEXIS 5615, at *6–7 (Tex. App.—Amarillo May 23, 2014, no pet.) (mem. op., not designated for publication). Further, we note that appellant did file a motion for new trial, but, in it, he failed to raise the issue of a disproportionate sentence. That being so, we see no place in the record where it could be said that appellant has preserved this issue for our review. Consequently, we overrule appellant's point of error.[2]

---

[2] The Texas Code of Criminal Procedure authorizes the trial court, upon revocation of probation, to impose the punishment originally assessed, as if there had been no probation, or to reduce the term of confinement originally assessed to any term not less than the minimum prescribed for the offense at issue. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (West Supp. 2014); *Sanchez v. State*, 989 S.W.2d 409, 410–11 (Tex. App.—San Antonio 1999, no pet.). With that, when appellant's community supervision was revoked, he was subject to the full range of punishment for the charged offense. Here, a third or greater offense of DWI is a third-degree felony and is punishable by a term of imprisonment not

Modification

Before we dispose of this appeal, however, we call attention to the fact that the trial court's judgment in the record before us reflects that appellant was convicted under Section 49.05 of the Texas Penal Code, which criminalizes *flying* while intoxicated. *See* TEX. PENAL CODE ANN. § 49.05 (West 2011). Plainly, this is a clerical error in that the remainder of the clerk's and reporter's records indicates clearly that appellant was charged with and convicted of *driving*—rather than flying—while intoxicated. The proper provisions criminalizing such conduct and enhancing the penalty for repeated conduct are Sections 49.04 and 49.09. *See id.* §§ 49.04, 49.09. This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention from any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc); *see* TEX. R. APP. P. 43.2(b). An appellate court may correct the judgment on appeal when it has the necessary data and evidence before it for doing so. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). Therefore, we hereby modify the trial court's judgment of conviction to delete the reference to Section 49.05 and, in its stead, reflect that appellant was convicted of a third or greater offense of driving while intoxicated in violation of Sections 49.04 and 49.09 of the Texas Penal Code.

---

more than ten years or less than two years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.34 (West 2011). The five-year sentence imposed by the trial court falls within the statutorily prescribed range of punishment for that offense, meaning that, traditionally, this sentence is not excessive cruel, or unusual. *See, e.g.*, *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968). Nothing would suggest that the sentence within the statutory range would otherwise run afoul of the Eighth Amendment in that the record fails to raise the inference that the five-year sentence imposed was a grossly disproportionate sentence for a third or greater offense of driving while intoxicated. *See* *Speckman*, 2014 Tex. App. LEXIS 5615, at *8–9.

4

Conclusion

Having overruled the sole issue that appellant has presented to us on appeal and modified the judgment to reflect the proper Texas Penal Code provisions at issue, we affirm the trial court's judgment of conviction as modified.  *See* TEX. R. APP. P. 43.2(b).


Mackey K. Hancock
Justice


Do not publish.