**Reversed and Remanded and Majority and Dissenting Opinions filed October 11, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00663-CR

---

### AUGUSTIN GABRIEL CABRERA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1985771**

---

## M A J O R I T Y   O P I N I O N

Appellant Augustin Gabriel Cabrera appeals his conviction for burglary of a vehicle. In a single issue appellant contends the trial court violated his right to due process when it failed to consider the full range of punishment. We reverse and remand for a new punishment hearing.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Pretrial

Prior to voir dire, the trial court admonished appellant as to the charges against him and the possible range of punishment. The trial court informed appellant that he was charged with the misdemeanor offense of burglary of a vehicle, which carried a potential sentence from one day up to one year in the county jail.[1] The information alleged that appellant had previously been convicted of a misdemeanor, which the trial court explained, if found true, would alter the range of punishment. In that case, the minimum punishment that could be assessed would be 90 days in the county jail.  Tex. Penal Code § 12.43(a)(2) (West 2015).

Appellant stated he understood the range of punishment and informed the trial court that the State recommended a 30-day sentence in exchange for appellant's agreement to plead guilty. The trial court responded, "I think that's what I told [defense counsel] that I would give you if you wanted to plea without a recommendation, but the State is recommending how many days in jail?" The State responded that it recommended 180 days in jail, not 30. The trial court responded:

> THE COURT: The State is recommending today 180 days in jail, and I've told [defense counsel] that if the State [sic] wanted to waive its right to a jury trial, you wanted to come to me for punishment, that I would be willing to consider assessing your punishment at 30 days in jail. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

The trial court then asked the State to summarize what it expected the evidence to show "if [appellant] wants to exercise his right to have a jury trial[.]"

---

[1] The offense with which appellant was charged is a Class A misdemeanor.  Tex. Penal Code § 30.04(d). The range of punishment for a Class A Misdemeanor is a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both a fine and confinement. Tex. Penal Code § 12.21 (West 2015).

The State recited that it intended to call the complainant, who would testify that his car had been burglarized and that items valued at approximately $300 were stolen from the vehicle. The State further expected to show that DNA matching appellant had been found inside the burglarized vehicle. If appellant were convicted, then the State further expected to show that appellant had been previously convicted of assault of a family member, possession of a weapon as a felon, and organized criminal activity. At the conclusion of the State's summary, the trial court asked appellant:

> [D]o you see how a jury could find you guilty of the offense of burglary of a motor vehicle based upon the DNA comparison from the blood found in the car to your DNA, and if they find you guilty once they hear about all those prior convictions you have for various offenses they may just decide to give you 180 days in jail?

The trial court again asked appellant what he wanted to do. Appellant stated he wanted to exercise his right to a jury trial. The following conversation occurred between the trial court and appellant:

> THE COURT: Mr. Cabrera, you want the jury or the Court to assess punishment?
>
> THE DEFENDANT: The Court.
>
> THE COURT: All right. Mr. Cabrera, I hope you're not under any illusion you are going to get 30 days after trial, are you?
>
> THE DEFENDANT: No, sir.

**B. Guilt-Innocence Phase**

Evidence commenced following voir dire. The complainant testified that he left his truck overnight at work. When he arrived the next morning the window glass had been broken and he could see blood inside the truck. The complainant's tools, worth several hundred dollars, were missing from the truck. As part of the investigation Harris County Sheriff's deputies took samples of the blood found in

3

the truck and compared the DNA found in those samples with known samples from appellant. A forensic scientist testified that the DNA results from the driver's seat swab were consistent with the DNA results obtained from appellant. Following argument of counsel the jury found appellant guilty of burglary of a vehicle. Because appellant chose to have the trial court assess punishment, the jury was excused following its verdict.

### C. Punishment Phase

The entire punishment phase consisted of less than one page in the trial transcript. The State did not attempt to prove up appellant's prior conviction as alleged in the information, or provide evidence of any other prior conviction. In fact, the State presented no evidence or arguments during the punishment phase at all. Appellant did not enter a plea of "true" to any prior conviction. Therefore, no enhanced range of punishment was applicable. The trial court assessed appellant's punishment at 180 days in the Harris County Jail.

### II. ISSUE AND ANALYSIS

In his sole issue appellant contends the trial court violated his due process rights when it failed to consider the full range of punishment.

### A. Applicable Law and Standard of Review

It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983) *overruled on other grounds*, *DeLeon v. Aguilar*, 127 S.W.3d 1, 5–6 (Tex. Crim. App. 2004); *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd) ("It is axiomatic that it is a denial of due process for the court to arbitrarily refuse to consider the entire range of punishment

for an offense or to refuse to consider the evidence and impose a predetermined punishment."). In applying our state constitutional guarantee of due course of law, we follow contemporary federal due process interpretations. *U.S. Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997); *Fleming v. State*, 376 S.W.3d 854, 856 (Tex. App.—Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1159 (2015). We presume the trial judge was a neutral and detached officer and considered the full range of punishment unless there is a clear showing to the contrary. *State v. Hart*, 342 S.W.3d 659, 673 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.— Corpus Christi 1993, pet. dism'd); *see Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

### B. Preservation of Error

Appellant did not object to the trial court's comment concerning the potential sentence. Whether appellant is required to make a contemporaneous objection to preserve error turns on the nature of the right allegedly infringed. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). The Court of Criminal Appeals of Texas has separated defendants' rights into three categories: (1) absolute requirements and prohibitions, which cannot lawfully be avoided even with partisan consent; (2) waivable-only rights, which must be implemented unless expressly waived; and (3) forfeitable rights, which are forfeited unless requested by the litigant. *Id*.; *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

The right to be sentenced after consideration of the full range of punishment is a category two waivable-only right. *Grado*, 445 S.W.3d at 743. Therefore, appellant's complaint that the trial court failed to consider the full range of

punishment was not forfeited by his failure to object at trial. *See id*. We therefore consider the merits of appellant's complaint. *See id.*

**C. Did the trial court violate appellant's due process rights by failing to consider the full range of punishment?**

Appellant was convicted of burglary of a vehicle for which the punishment range is confinement in jail for a term not to exceed one year and/or a fine not to exceed $4,000. *See* Tex. Penal Code Ann. §§ 12.21 and 30.04. The information contained an enhancement paragraph alleging a prior misdemeanor conviction for assault of a family member, which, if proved, would have increased appellant's minimum sentence to 90 days in jail. *See* Tex. Penal Code Ann. § 12.43(a)(2). The State did not present any evidence at punishment to prove the enhancement paragraph.

The record reflects that prior to jury selection, the trial court told appellant that if he chose to exercise his right to a jury trial he should not be "under any illusion" that he would receive a 30-day sentence. The trial court's statement clearly indicates that the court, without any evidence before it, had arbitrarily dismissed a portion of the permissible range of punishment. *See Ex parte Brown*, 158 S.W.3d 449, 454–57 (Tex. Crim. App. 2005) (due process violation where trial court promised 20-year punishment to applicant when deferring guilt finding at plea and, later, assessed promised punishment after applicant pled true to violation allegations at adjudication hearing); *Earley*, 855 S.W.2d at 262–63 (trial court prejudged punishment before hearing any evidence); *Jefferson*, 803 S.W.2d at 471–72 (due process violation where trial court imposed predetermined punishment after promising defendant at deferred-adjudication plea that he would receive maximum sentence if he violated probation).

The State argues that appellant failed to rebut the presumption that the trial

court was neutral and detached because appellant failed to show the trial court's comment was a promise to impose, or refuse to consider, a particular sentence rather than a statement conditioned on the State proving its proffered evidence. The State argues that appellant's argument takes the trial court's comment out of context, ignoring "1) the fact that appellant's information contained an enhancement paragraph which, if proven true, would have made the minimum sentence 90 days, 2) the State's proffer of anticipated guilt/innocence evidence, 3) the State's proffer of anticipated punishment evidence, including appellant's prior convictions, and 4) appellant's admission, without objection, that he was currently serving a two-year prison sentence for 'unlawfully carry[ing] of a firearm,' having been previously convicted of a felony, all of which were discussed before the trial court's comment."

We address the State's arguments in turn. The state asserts that the 30-day sentence offered by the trial court was outside the statutory range of punishment. This assumes that the enhancement paragraph was true. Neither we nor the trial court can make such an assumption. At the time the trial court made the 30-day offer, no evidence of any prior convictions had been offered. There was never any evidence of final convictions offered. The judgment states "N/A" with regard to enhancement paragraphs. Furthermore, even if the State had presented evidence of the enhancement paragraph, the trial court as fact finder could have found the enhancement paragraph "not true." At the time the trial court made the 30-day offer, appellant faced the full range of punishment with no statutory minimums. There was no qualification such as "if the enhancement paragraph is found true you will not get 30 days." The trial court clearly indicated it would not consider the full range of punishment available under the statute.

With regard to the State's proffer of anticipated guilt/innocence and

7

punishment evidence, the State relies on authority that holds a trial court's comments relating to punishment made after evidence is presented have been deemed to have failed in rebutting the presumption that the sentencing judge was neutral and detached. *See, e.g. Brumit*, 206 S.W.3d at 645–46. In this case, however, the trial court's comment was made prior to any evidence being presented. The State's recitation of the evidence it expected to introduce is not evidence, but is in the nature of an opening statement made prior to the introduction of any evidence. *See generally Lewis v. State*, 686 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1985), *aff'd* 711 S.W.2d 41 (Tex. Crim. App. 1986) (statements of counsel are not evidence). Similarly, appellant's explanation that he was serving a two-year prison sentence having been convicted of unlawfully carrying a weapon was not evidence before the trial court at the time.

The State also analogizes the trial court's statement to one made by a potential juror who states he could not consider the minimum punishment in a proper case. The State relies on *McClenan*, 661 S.W.2d at 109–11, in which the Court of Criminal Appeals held that a trial court did not show bias because its statement was conditioned on whether "certain facts were proved." In that case, the trial court informed the defendant's counsel that if certain facts were proved and other mitigating facts not proved, the court would not grant probation. *Id.* at 109. The trial court's comment in this case is distinguishable from that in *McClenan*. The trial court's comment that appellant would not "get 30 days after trial" was not conditioned on proof of specific facts, but on whether appellant chose to exercise his right to a jury trial.

The State further argues that the record does not support appellant's claim because the trial court expressly stated a willingness to consider a 30-day sentence and ultimately did not assess the maximum punishment. The State refers to the trial

court's statement that if appellant agreed to waive a jury trial the court would consider a 30-day sentence. In reviewing the entire record, it appears this statement by the trial court was conditioned on appellant pleading guilty without a jury trial. After appellant decided to exercise his right to a jury trial on guilt/innocence with punishment to the court, the trial court stated it hoped appellant was "not under any illusion you are going to get 30 days after trial[.]" The fact that the trial court did not assess the maximum punishment after conviction does not mitigate the arbitrary refusal to consider the entire range of punishment. *See Sanchez v. State*, 989 S.W.2d 409, 410–12 (Tex. App.—San Antonio 1999, no pet.) (considering context of trial court's remarks when determining whether trial court arbitrarily refused to consider entire range of punishment).

Our dissenting colleague tells us that we must consider the context of the trial court's comments. Indeed, that context leads us to our conclusion. The trial judge made the comment in question immediately after appellant asserted his Constitutional right to a jury trial. This is not a case in which the trial court's comments are taken out of context. *See Sanchez*, 989 S.W. 2d 409. Nor, is this a case in which the trial court's comments about sentencing are conditioned upon the evidence anticipated. In fact, the evidence presented at guilt/innocence was essentially what the State said it would be when the court offered the 30 days. The anticipated punishment evidence was never presented. Arguably due to the lack of punishment evidence at trial, the case was even less aggravated than anticipated when the court made the 30-day offer. This is a case in which the quid pro quo for considering the lower range of punishment as a sentence was the waiver of a jury trial. More specifically, the trial court offered to sentence the defendant to 1/3 of the time recommended by the State if the defendant would plead guilty and submit punishment to the court. When the defendant refused, and exercised his right to a

jury trial, the trial court assured the defendant that the 30-day offer would not again be available "if appellant chose to go to trial." A trial court may refuse to consider the entire range of punishment based upon many non-arbitrary factors. (e.g. *Jaenicke v.* State, 109 S.W.3d 793, 797 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (maintain consistency with jury sentencing in less heinous cases). However, for the trial court to refuse to consider sentencing at 30 days because the defendant has chosen to go to trial instead of plead guilty is the definition of arbitrary.

Our dissenting colleague notes that the trial judge did not promise to assess a specific punishment. This is certainly true. To the contrary, the trial court promised not to assess a specific punishment that was within the statutory range of punishment. The trial court's statement clearly demonstrates that the court, without any evidence before it, had arbitrarily dismissed a portion of the permissible range of punishment. *See Ex parte Brown*, 158 S.W.3d at 456–57 (due process violation where trial court "promised to impose the maximum punishment if [the] . . . probationer fail[ed] to abide by the terms of probation and then carr[ied] through on that promise without 'actually *consider*[ing] the evidence presented at the revocation hearing'" (emphasis in orig.)); *Earley*, 855 S.W.2d at 262–63 (due process violation where trial court prejudged maximum punishment before hearing any evidence); *Jefferson*, 803 S.W.2d at 471–72 (due process violation where trial court imposed predetermined punishment after promising defendant at deferred-adjudication plea that he would receive maximum sentence if he violated probation); *Norton v. State*, 755 S.W.2d 522, 523–24 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (due process violation where trial court stated prior to trial that jail time would be assessed even upon a jury verdict of probation).

10

### III. Conclusion

The trial court's statement, "I hope you're not under any illusion you are going to get 30 days after trial, are you?" clearly indicates an arbitrary refusal to consider the entire range of punishment if appellant chose to go to trial, and constituted a denial of due process. We sustain appellant's sole issue. Accordingly, the punishment portion of the trial court's judgment is reversed, and this case is remanded to the trial court for a new punishment hearing.

/s/    Marc W. Brown
Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown (Frost, CJ., dissenting).
Publish — Tex. R. App. P. 47.2(b).