Perry HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–91–00494–CR.

Court of Appeals of Texas,
San Antonio.

May 13, 1992.

William H. Johnson, III, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Kirk Sherman, Tessa Herr, Edward F. Shaughnessy, III, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

BUTTS, Justice.

This is an appeal from a conviction for burglary of a habitation. After adjudicating appellant's guilt, the trial court revoked probation and assessed punishment at 99 years' imprisonment. Appellant challenges the manner of assessment of punishment as a denial of due process. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1992) (allowing an appeal not of the adjudication itself but of the proceedings *after* adjudication of guilt on the original charge); *Phynes v. State,* 828 S.W.2d 1 (Tex.Crim.App.1992).

Background: On January 28, 1991, pursuant to a plea bargain, appellant entered a plea of guilty, and the trial court found appellant guilty. Sentence was imposed on February 7, 1991, in conformity with the plea bargain that appellant be sentenced to five years in prison, the State refraining from making any recommendation on granting probation. Appellant, an 18 year old male with no previous felony convictions, had applied for probation, which the court denied.

Later in February, counsel for appellant filed a motion for reconsideration, requesting that appellant be placed on deferred adjudication. On March 14, 1991, the court did reconsider and set aside the judgment and sentence of five years' imprisonment. Appellant was placed on deferred adjudication with a probationary term of 10 years.

Appellant failed to report to the Adult Probation Department (specifically the Intensive Supervision Program) or pay any ordered fees or court costs. Additionally he removed the electronic monitoring bracelet he was required to wear at all times and installed a telephone answering service at home. These violations were set out in the motion for adjudication of guilt and to revoke probation. The trial court heard the motion on June 13, 1991. Appellant answered "true" to each of the alleged violations. The court entered an adjudication of guilt. At the same hearing probation was denied, and the court assessed punishment at 99 years' imprisonment.

We note initially there is no written order in the record setting aside the original judgment and sentence, but the parties agree, and the court docket and statement of facts reflect the judge orally pronounced he was setting aside the judgment and sentence. If there is no written order, the omission may be corrected by a *nunc pro tunc* order.

Appellant recognizes that the punishment falls within the statutory range. *See McNew v. State,* 608 S.W.2d 166, 174 (Tex. Crim.App.1978). The first point of error is that the court abused its discretion in assessing punishment at 99 years' confinement by failing to consider and weigh relevant evidence. *See McClenan v. State,* 661 S.W.2d 108, 110 (Tex.Crim.App.1983): "A court's *arbitrary* refusal to consider the entire range of punishment would constitute a denial of due process...."

There was a discussion of the violations before punishment was imposed. Counsel for appellant explained why an appointment with the probation officer was missed and why appellant would benefit from the

discipline of "boot camp." Counsel argued that appellant had not committed another criminal offense and none was alleged. The record does not reflect that appellant was denied the opportunity to present mitigating evidence, or that any witness was denied the opportunity to testify. Appellant points out that in the cases where the sentence has been increased over the original term of probation after an adjudication of guilt, subsequent offenses had been committed or the original offense was of a violent kind, which was not the case here.

The second point of error is that due process, TEX. CONST. art. I, § 19, has been violated because the court failed to provide an impartial forum for the assessment of punishment. The trial court emphasized at the hearing to decide whether to place appellant on deferred adjudication that,

'to me, the worst thing there is, is burglary of a habitation. You break into a person's castle.' The judge also stated, 'Perry, as far as I'm concerned, you can go to TDC for 99 years and stay there, do you understand that? ... You broke into those people's castle, their home. Burglary of a habitation, that's a first degree felony. You took their goods that they worked so hard to accumulate, and hocked them for money. You made a big, big mistake.'

The trial court then proceeded to set aside the original conviction and place appellant on deferred adjudication. The judge told appellant more than one time the full range of punishment for the offense—five years to 99 years or life imprisonment.

The judge warned appellant that if certain persons prevailed on him to do something that might jeopardize his liberty, "If you go along with them, you might face this Court, and you might face five to 99 years or life. The chances are very good that you'll get 99 years and a $10,000.00 fine." The court went on to say that he was not trying to be hard on appellant and that he wanted to save him.

At the hearing to adjudicate guilt and revoke probation, appellant's probation officer recommended that appellant be sent to "boot camp" for needed discipline. That was denied. Addressing appellant, the court stated:

I'm disappointed in this young man. You know what we did. I denied him probation [at the plea bargain hearing]; he came and bugged me and bugged me. I went all of the way out. He promised the world, and here's what happened, he's back again. I admonished you, I told you you were facing the full range of punishment, from five to 99 years or life....

Defense counsel then presented "mitigating factors": that no intervening crime had been committed, that appellant had a steady job which required him to work sometimes at night. The probation violations were not the type to justify going to prison; boot camp would be the appropriate place for discipline. Appellant was out beyond curfew, removed the electronic device, and failed to report to the probation officer, but no crime was committed. The court stated,

The only reason I gave him five years [originally] is because that was the plea bargain agreement.... the very minimum for burglary of a habitation.... I had a feeling I was making a big mistake [in granting deferred adjudication].

The court sentenced appellant to 99 years' confinement in TDCJ.

■ It is a denial of due process for the court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd), *citing McClenan v. State*, 661 S.W.2d at 110; *Cole v. State*, 757 S.W.2d 864, 865 (Tex. App.—Texarkana 1988, pet. ref'd).

In *Fielding v. State*, 719 S.W.2d 361 (Tex.App.—Dallas 1986, pet. ref'd), the court determined that the trial court's procedure in that case did not violate due process rights since the judge assessed punishment within a range he announced at the deferred adjudication hearing would probably be assessed. "I'm laying my cards on the table, and if you violate the conditions of your probation, you're talking

about 60 and up; is that clear"? At the revocation and sentencing hearing, the judge repeated that he had told the defendant what he was going to do, and he did it, sentencing the defendant to 60 years. On appeal it was argued that the sentence had been predetermined in violation of due process and that the court refused to consider evidence in mitigation of punishment which was offered. The majority decided adversely, concluding the court granted the defendant ample opportunity to present mitigating evidence.

We believe the majority opinion missed the point of the argument. That court may indeed have permitted mitigating evidence to be presented, however, it was maintained that the court simply did not attend to that evidence, and, in effect, it would have made no difference at all what evidence was presented because the sentence had been prejudged and predetermined. To this court, it is obvious what really distinguished that case from *Jefferson*, as well as the present one, is this redeeming safeguard which preserved the 60 year sentence: [t]he trial court stated that his decision to proceed with adjudication of guilt and assess punishment at 60 years was made "in light of the pre-sentence report and in light of the prior [felony] probation and in light of the amount of cocaine and in light of all the facts and circumstances surrounding the case...." as set out in *Fielding* at 365.

Even so, the dissent in *Fielding* is a well-reasoned one with which this court agrees:

> When granting probation, a judge may wish to impress the offender with the seriousness of any violation of the conditions imposed, but in doing so, he cannot properly prejudge the ultimate sentence in the event of violation and thus preclude consideration of mitigating circumstances that might be relevant.... The trouble with this procedure is that the judge may originally threaten a heavier sentence than he would actually impose if no probation were granted, and then, if the defendant has committed even a trivial violation of probation, he may feel bound to maintain his credibility by im-

posing the threatened sentence regardless of any further evidence. I conclude that such a procedure is not in accordance with the due process of the law because (1) it effectively excludes evidence relevant to punishment, specifically, the evidence of appellant's rehabilitation while on probation; (2) it precludes the judge from considering the full range of punishment prescribed by law; and (3) it deprives the defendant of a fair and impartial tribunal at the punishment hearing. Moreover, I cannot agree that appellant waived these errors.

*Fielding* 719 S.W.2d at 368. C.J. Guittard's dissent continued:

> When the judge assesses punishment, he should be no less open to consideration of the full range of punishment in the light of the relevant evidence (*citing McClenan, supra*). The judge abuses his discretion if he rigidly imposes a maximum sentence and refuses to consider evidence that he is required to receive and weigh (*citing United States v. Long*, 656 F.2d 1162, 1165 (5th Cir.1981).

*Id.* at 370. Recognizing the general rule that a sentence will not be disturbed on appeal if it is within the range provided by law, C.J. Guittard continued:

> Nevertheless, the sentencing process is subject to appellate scrutiny. (citations omitted). My concern here is not the excessiveness of the sentence, but the fairness of the procedure adopted by the judge in determining the sentence.... when the judge is unwilling to consider the full range of punishment ...

*Fielding, supra,* at 370. The stated bias in the present case regarding burglary of a habitation as the "worst" offense, that this judge would not have sentenced appellant to the original minimum sentence of five years but for the plea bargain, and the threat of 99 years as punishment at the hearing on granting deferred adjudication, while perhaps not as egregious as writing the predetermined sentence in the docket as a "promise," *see Jefferson, supra,* calls into play the due process considerations of failure of the judge to consider the full range of punishment, as well as failure to

give consideration to and weigh the evidence before rigidly imposing the maximum sentence. The record does not disclose that a lesser sentence than 99 years was ever considered.

We further conclude that appellant did not knowingly waive the right to a fair and impartial forum. The two points of error are sustained. The judgment is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.