NO. 12-03-00377-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


NICKEY VON WALLER,                                  §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Nickey Von Waller (“Appellant”) was convicted of aggravated sexual assault and was
sentenced to ten years of imprisonment, probated for ten years, and assessed a $7,500.00 fine. 
Appellant’s probation was later revoked, and he was sentenced to ten years of imprisonment. In one
issue, Appellant challenges the trial court’s order revoking his probation. We affirm. 

Background
            On April 26, 2001, Appellant was indicted for the offenses of aggravated sexual assault of
a child and sexual assault of a child. On October 7, 2002, Appellant’s case was tried before a jury,
and during the trial, Appellant pleaded guilty to the offense of aggravated sexual assault. Following
a trial on sentencing, the jury assessed punishment at ten years of imprisonment, probated for ten
years, and a $7,500.00 fine. 
            Appellant was placed on community supervision on October 9, 2002. On September 4, 2003,
the State filed a motion to revoke, alleging that Appellant failed to comply with the terms of his
probation. Appellant pleaded “true” to three of the six counts alleged in the motion. On October
3, 2003, after hearing arguments and evidence, the trial court found all of the allegations contained
in the State’s motion “true,” revoked Appellant’s probation, and sentenced Appellant to ten years
of imprisonment.
            On October 30, Appellant filed a motion for new trial, a notice of appeal, and a motion to
recuse. The motion for new trial and motion to recuse both alleged that the trial judge, Carter
Tarrance, was not impartial, but had a personal bias or prejudice against Appellant. Specifically, the
motion argued that 
 
[o]n or about April 17, 2003, Judge Tarrance told Defendant that “You fathered a child by a twelve
year old. If you ever come back in front of me again, you will not like what I will do to you.” On or
about October 3, 2003, after a hearing on a Motion to Revoke Community Supervision, Judge
Tarrance sentenced Defendant to the maximum punishment allowed.
 
            On December 5, 2003, Judge Jack Holland of the 173rd Judicial District Court heard
Appellant’s motion to recuse.


 At the hearing, the only witness to testify was Appellant. He stated
that after he pleaded guilty to the aggravated sexual assault charge, the judge said to him, “‘You
fathered a child by a twelve year-old, and if you every [sic] come back in front of me again you will
not like what I do to you.’” Appellant also said that he did not think those comments were fair, that
he did not believe Judge Tarrance was impartial, and that he did not think Judge Tarrance would give
him a fair hearing on his motion for new trial. At the conclusion of the hearing, Judge Holland
denied Appellant’s motion.
            Appellant now challenges the imposition of his original sentence on appeal, contending that
Judge Tarrance was not impartial and had predetermined his sentence before the hearing on the
State’s motion to revoke.

Was Appellant’s Sentence Predetermined?
            Appellant contends that he was denied due process of law because the trial court had
predetermined his sentence. Specifically, Appellant contends that the following statements Judge
Tarrance made to him demonstrate Judge Tarrance’s impartiality, bias, and predetermination of 
Appellant’s ten-year sentence:
              1.           On April 17, 2003, at a plea hearing on an unrelated evading arrest charge, Judge Tarrance told
Appellant, “You sat in here enough and heard me enough. Anyone that fathers a child by a 13-year-old – you come back here again, you can just imagine what’s going to happen to you. . . . Just count
on it. Got it?” The judge also said, “I hope I don’t see you again.” 
 
              2.           During the October 3 hearing on the State’s motion to revoke, Judge Tarrance stated, in response to
a question by Appellant’s attorney to Appellant that the judge deemed immaterial, “If she told him to
don’t put his nose on the side of the wall, then that’s what he’s supposed to do – if the Court ordered
it.”
 
            Appellant also argues that Judge Tarrance had predetermined Appellant’s sentence by
refusing to consider any mitigating evidence during the hearing; namely, “Appellant’s lack of
transportation, his work schedule, . . . the fact that Appellant had not reoffended and the fact that he
had several witnesses who believed that [Appellant] had been rehabilitated to the point that he did
not present a danger to the community.”
             We first note that Appellant did not 1) object to any of these statements during either
hearing, or 2) timely file a motion to recuse prior to the hearing on the motion to revoke; therefore,
Appellant has waived his predetermination of sentence issue.


 See Washington v. State, 71 S.W.3d
498, 499 (Tex. App.–Tyler 2002, no pet.) (holding that appellant waived predetermination of
sentence claim by failing to object to trial judge’s statements during hearing on motion to revoke);
Fielding v. State, 719 S.W.2d 361, 367 (Tex. App.–Dallas 1986, writ ref’d) (appellant waived any
error by failing to timely object or file a motion to recuse, even where the issue was raised in the
appellant’s motion for new trial). 
            Even if Appellant had not waived this issue, his argument would not pass muster. We agree
that it is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of
punishment or refuse to consider mitigating evidence and impose a predetermined judgment. See
Burke v. State, 930 S.W.2d 230, 234 (Tex. App.–Houston [14th Dist.] 1996, pet. ref’d). However,
in the instant case, there is nothing in the record to indicate that Appellant was denied due process. 
The record demonstrates that Judge Tarrance’s comments were an attempt to persuade Appellant to
comply with the terms of his probation and impress upon him the gravity of his actions. Judge
Tarrance did not specifically promise to sentence Appellant to a finite number of years if he violated
his probation; an act, which if committed, would lend credence to Appellant’s predetermination-of-
sentence argument. See Howard v. State, 830 S.W.2d 785, 787 (Tex. App.– San Antonio 1992, pet.
ref’d); Jefferson v. State, 803 S.W.2d 470, 471 (Tex. App.–Dallas 1991, pet. ref’d); Cole v. State,
757 S.W.2d 864, 865 (Tex. App.–Texarkana 1988, pet. ref’d) (each holding that trial court’s promise
to sentence defendant to a specific number of years if he did not comply with the terms of his
probation violated due process by predetermining sentence). Accordingly, Appellant’s sole issue
is overruled.
Conclusion
            Appellant has not adduced any evidence to demonstrate that Judge Tarrance predetermined
his sentence prior to the hearing on the State’s motion to revoke. Therefore, the judgment of the trial
court is affirmed.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.













(DO NOT PUBLISH)