In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-584 CR


NO. 09-03-585 CR


____________________



SHAUN JUSTIN REDDELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause Nos. 15724 and 15882






MEMORANDUM OPINION (1)


 Appellant Shaun Justin Reddell appeals from the trial court's judgment that revoked
his community supervision, adjudicated his guilt and sentenced him to twenty years'
confinement in the Texas Department of Criminal Justice, Institutional Division. We
affirm the trial court's judgment.


 Pursuant to the terms of a plea bargain agreement, Reddell pled guilty to two counts
of indecency with a child. See Tex. Pen. Code Ann. § 21.11 (a)(1) (Vernon 2003). The
trial court deferred adjudication of guilt and placed Reddell on community supervision for
ten years. 

 Subsequently, the State filed a motion to adjudicate, alleging Reddell violated
certain conditions of his community supervision. Reddell pled "true" to the allegations
that he failed to register as a sex offender, that he failed to participate in and comply with
the treatments, guidelines and directions of the sex offender therapist for several months,
and that he violated the Child Safety Zone (2) during his employment as a church musician 
because he supervised and participated in programs that included minors, and consequently
initiated, established, and maintained contact with minors. The trial court revoked
Reddell's community supervision and ordered a pre-sentence investigation. At the
sentencing hearing, neither party called witnesses. The trial court, after noting it had
examined the pre-sentence investigation and letters submitted on Reddell's behalf, 
sentenced Reddell to twenty years' confinement. (3) 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Subsequently, Reddell filed a
pro se brief raising four issues: (1) whether the trial court considered inadmissible
evidence at the sentencing hearing; (2) whether trial counsel provided Reddell ineffective
assistance during sentencing; (3) whether Reddell's alleged previous incarceration for
community supervision non-compliance pre-empted the court from considering the
violations in setting punishment; and (4) whether the trial court violated Reddell's equal
protection rights. 

 In issue one, Reddell asserts the trial court imposed the maximum sentence after
considering evidence that among other things included the fact that he failed to report to
his probation officer as a condition of his community supervision. Reddell argues that
evidence of failing to report to his probation officer is not admissible because it is not
evidence of character or proof of bad acts. However, the record does not show Reddell
preserved this point for our review. See Tex. R. App. P. 33.1(a). 

 But even if appellant's trial counsel had complained to the trial court, Reddell
would still be faced with a problem: Texas law does not support his contention that the
evidence admissible at the punishment hearing is limited to evidence of character or proof
of bad acts. Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure
controls admissibility of evidence at punishment. See Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2005). That statute provides that: 

 evidence may be offered by the state and the defendant as to any matter the
court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which
he is being tried, and, . . . any other evidence of an extraneous crime or bad
act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act. 


Id. (emphasis added). Reddell's argument that the evidence must show either character
or proof of bad acts to be admissible at a punishment hearing is erroneous. Issue one is
overruled.

 Issue two states that Reddell's trial counsel was ineffective for not pointing out that
the pre-sentence investigation report incorrectly stated the number of times he failed to
report. The trial court considered the report at the sentencing hearing. 

 To prevail on a claim of ineffective assistance of counsel, a defendant must
demonstrate that counsel's representation fell below an objective standard of
reasonableness based on prevailing professional norms, and that, but for counsel's errors,
there is a reasonable probability that the result of the proceeding would have been
different. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). An
appellant must satisfy both prongs of the Strickland test. See Strickland, 466 U.S. at 697,
104 S.Ct. at 2069; Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). 

 Reddell's claim of ineffective assistance centers on counsel's failure to rebut alleged
discrepancies in the pre-sentence report. However, Reddell pled true to allegations that
he failed to register and pled true to other allegations regarding community supervision
violations as well. Even if we assume, without deciding, that counsel erred in not
rebutting the alleged discrepancies, the allegations to which Reddell pled guilty support the
trial court's decision to revoke. Proof of a violation of a single term or condition of
community supervision is sufficient to support a trial court's decision to revoke. See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Reddell has not satisfied
the Strickland test because he has not shown that but for counsel's alleged errors, there is
a reasonable probability that the result of the proceeding would have been different. 
Likewise, Reddell has not shown that the alleged over-reporting of his failure to report to
his probation officer was a factor in the trial court's decision to sentence him to the
maximum term of imprisonment for the offense to which he pled guilty. Issue two is
overruled.

 In issues three and four, Reddell complains of matters that have no support in the
record. Reddell provides no citations to the record or legal authority in support of issues
three or four though he is required to do so. See Tex. R. App. P. 38.1(h); Bell v. State,
90 S.W.3d 301, 305 (Tex. Crim. App. 2002). 

 In issue three, Reddell maintains that prior to the punishment hearing, he had been
incarcerated for the community supervision violations alleged by the State in its revocation
motion. However, there is no proof of this contention in the record, and his punishment
in this case is for the criminal offense to which he pled guilty, not for violating the terms
of community supervision. 

 In issue four, Reddell asserts the trial court violated his equal protection rights by
weighing the failure-to-report evidence more heavily in his case than it had in other cases. 
A statute is valid under the equal protection provisions of Tex. Const. art. I, § 3 if it is
rationally related to a legitimate state purpose. See Texas Workers' Compensation Comm'n
v. Garcia, 893 S.W.2d 504, 524 (Tex. 1995). We presume that a statute passed by the
Legislature is valid. Id. at 520. When challenging the constitutionality of a statute, an
appellant must demonstrate that the statute is unconstitutional as applied to him. See
County Court of Ulster County v. Allen, 442 U.S. 140, 154-55, 99 S.Ct. 2213, 2223, 60
L.Ed.2d 777 (1979). For example, Reddell does not contend he is a member of a suspect
class, or that the statute distinguishes between him and others on a suspect basis. Reddell
has not made the requisite showing for an equal protection claim. 

 Reddell's issue four also seems to assert a due process violation because he contends
the trial court unfairly weighed the evidence. See Howard v. State, 830 S.W.2d 785, 787
(Tex. App.- San Antonio 1992, pet. ref'd)(a court denies a defendant due process when
it refuses to consider the evidence or when it imposes a predetermined punishment). Prior
to imposing the sentence here, the trial court heard the State's motion to revoke and
Reddell's pleas of true. At the sentencing hearing, the trial court observed that it had
"thoroughly examined" the pre-sentence report. (4) The trial court further noted there were
numerous allegations of Reddell's misconduct, which included failure to report. The trial
court commented that the reporting requirement was the "absolute simplest to comply
with," and a person's failure to do so concerned the court. While Reddell did not plead
"true" to the failure-to-report allegation, the pre-sentence report apparently included such
information. 

 A pre-sentence report may be considered by the trial court in determining sentence.
See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(d) (Vernon Supp. 2005). The record
does not show that the trial court considered any improper evidence in arriving at Reddell's
sentence. And, in the absence of a clear showing to the contrary, we presume that the trial
court was neutral and detached. See Steadman v. State, 31 S.W.3d 738, 741 (Tex. App.-
Houston [1st Dist.] 2000, pet. ref'd). We find there has been no due process violation.
Issues three and four are overruled.

 We have reviewed the clerk's record and the reporter's record, and we find no
arguable error requiring us to order appointment of new counsel to re-brief this appeal.
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We overrule
the issues raised in the appellant's pro se brief and affirm the trial court's judgment.

 AFFIRMED.

 ___________________________

 HOLLIS HORTON

 Justice

Submitted on January 26, 2005

Opinion Delivered February 9, 2005

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.



1. Tex. R. App. P. 47.4.
2. Section 13B of article 42.12 provides for the trial court to establish a child safety
zone as a condition of community supervision for certain offenses when the victim was a
child. See Tex. Code Crim. Proc. Ann. art. 42.12, § 13B (Vernon Supp. 2005). 

 One of the conditions of appellant's community supervision required him to comply
with the mandatory child safety zone by (a) not supervising or participating in any program
that provides athletic, civic, or cultural activities and includes as participants persons under
the age of 17 and (b) not going in, on or within the distance of 1000 feet of the premises
where children commonly gather, including, but not limited to, a school, daycare facility,
playground, public or private youth center, public swimming pool or video arcade facility. 
3. A second degree felony offense is punishable by imprisonment in the institutional
division for any term of not more than 20 years or less than 2 years. See Tex. Pen. Code
Ann. § 12.33 (Vernon 2003).


 
4. The Texas Code of Criminal Procedure provides:


 [B]efore the imposition of sentence by a judge . . . the judge shall direct a
supervision officer to report to the judge in writing on the circumstances of the
offense with which the defendant is charged, the amount of restitution
necessary to adequately compensate a victim of the offense, the criminal and
social history of the defendant, and any other information relating to the
defendant or the offense requested by the judge.


See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2005). As explained by
the Texas Court of Criminal Appeals: "The statute is broadly worded, and by its plain
language allows inclusion of any information relating to the defendant or the offense. . . ." 
See Fryer v. State, 68 S.W.3d 628, 629 (Tex. Crim. App. 2002).