Opinion issued May 21, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00520-CR






ADRIAN FLOYD PHILLIPS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1014911






MEMORANDUM OPINION


 Appellant, Adrian Floyd Phillips, pleaded guilty to felony driving while
intoxicated, and the trial court assessed punishment at 10 years' confinement, which
the court then suspended, placing appellant on five years' community supervision. 
The State later moved to revoke appellant's community supervision. After a hearing
on the State's motion, the trial court revoked appellant's community supervision and
assessed punishment at three years' confinement. In his sole issue on appeal,
appellant contends he was deprived of due course of law because the record does not
show that the trial court considered any punishment less than confinement in prison. 
We affirm.

 Relying on Howard v. State, 830 S.W.2d 785 (Tex. App.--San Antonio 1992,
pet. ref'd), and Jefferson v. State, 803 S.W.2d 470, 471 (Tex. App.--Dallas 1991, pet.
ref'd), appellant argues that there is no evidence in the record to show that the trial
court considered the full range of punishment. As appellant concedes, Howard and
Jefferson are distinguishable. In Howard, the trial court affirmatively told the
defendant at the deferred adjudication hearing that if the defendant violated his
community supervision, "as far as I'm concerned, you can go to TDC for 99 years and
stay there, do you understand that?" Howard, 830 S.W.2d at 787. The trial court
further stated, "The chances are very good that you'll get 99 years and a $10,000.00
fine." Id. At the hearing to adjudicate guilt, the trial court stated, "I admonished you,
I told you you were facing the full range of punishment from five to 99 years or life,"
then sentenced the defendant to 99 years in prison. Id.

 In Jefferson, the trial court told the defendant at the deferred adjudication
hearing that if the defendant violated the terms of his community supervision, the trial
court would sentence him to 20 years' confinement. 803 S.W.2d at 471. At the
hearing to adjudicate guilt, the trial court sentenced the defendant to 20 years'
confinement after reminding the defendant that he had been warned that the trial court
would impose a 20-year sentence if the defendant violated the terms of his community
supervision. Id. 

 In both Howard and Jefferson, there was evidence on the record to show that
the trial court had refused to consider the full range of punishment, but had instead
sentenced the defendant to a predetermined number of years in prison. Howard, 830
S.W.2d at 787; Jefferson, 803 S.W.2d at 471. However, as appellant admits, there is
nothing on the record in this case to show that the trial court refused to consider the
full range of punishment. Instead, appellant argues that Howard and Jefferson should
be extended to require the trial court to affirmatively show on the record that it
considered "lesser sanctions" than prison. Appellant, however, provides no argument
or authority to explain why this Court should extend the holdings in Howard and
Jefferson to impose such a requirement on the trial court, and we decline to do so.

 Because there is nothing in the record to show that the trial court refused to
consider the full range of punishment, and there is no requirement for the trial court
to affirmatively state on the record that it considered "lesser sanctions" than prison,
we overrule appellant's sole point of error.

 We affirm the judgment of the trial court.





 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Taft and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).