

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00196-CR

LARRY DONELL CLARK, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27316

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

In Hunt County, Texas, Larry Donell Clark, Jr., entered a plea of guilty July 6, 2011, pursuant to a plea agreement to having committed an aggravated robbery with a deadly weapon December 22, 2010. In accord with that plea agreement, the trial court deferred adjudication and placed Clark on ten years' community supervision. Clark was also required to pay a fine of $1,500.00 and to comply with specified terms of community supervision. Clark's compliance with the terms of community supervision apparently did not enjoy a lengthy duration because he admitted the use of "weed" (marihuana), and, in December 2011, the State filed a motion to revoke Clark's deferred adjudication community supervision. After a January 2012 hearing on that motion to revoke, Clark came to an agreement with the State to amend the conditions of supervision, and the motion to revoke was withdrawn. Despite this, the State filed another motion to revoke and request for adjudication August 23, 2012. After a hearing on that motion, the trial court found that two of the State's allegations in the motion were true and revoked Clark's deferred adjudication community supervision. Upon revocation of that community supervision, the trial court entered a finding of guilt, sentenced him to thirty years' confinement, and assessed a $1,500.00 fine (the previous fine apparently never having been paid).

On appeal, Clark argues that his due process rights were violated because the trial court had predetermined his sentence, thereby failing to consider the full range of punishment.

We overrule Clark's points of error and affirm the trial court's judgment.

In his sole point of error, Clark contends that he was denied due process because "the judge predetermined sentencing [Clark] to prison and did not consider the full range of punishment."

Such a complaint is not preserved for review unless a timely objection is raised. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, pet. ref'd). We observe that no objection was made on this basis during the proceeding below. Thus, the complaint was not preserved for our review, and we overrule Clark's sole point of error.

Even had Clark's complaint been preserved, it presented no valid complaint that would provide him the requested relief. A trial court denies due process where it arbitrarily refuses to either consider the entire range of punishment for an offense or to consider mitigating evidence and imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005) (en banc) (per curiam); *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983) (en banc), *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004). Should a trial court—at the time it grants deferred adjudication community supervision—threaten the imposition of a predetermined sentence in the event of a future violation of the terms of community supervision, and then, at revocation, follow through with the imposition of that previously threatened sentence, that could be deemed a denial of due process. *Sanchez v. State*, 989 S.W.2d 409, 411 (Tex. App.—San Antonio 1999, no pet.).

In contrast with the scenario in *Sanchez*, during the January 2012 hearing,[1] the trial court

stated,

> This is a very, very light sanction, Mr. Clark. Usually, probationers don't get this
> kind --
>
>     . . . .
>
> . . . usually they get revoked and sentenced to lengthy jail time on this kind of
> charge -- this action, especially with admitting marijuana use . . . .
>
>     . . . .
>
> . . . Sir, I don't want to send you to prison for life. I don't want to send you for 50
> years or 60 years. If you come back to this courtroom, and you perform as poorly
> as you do -- as you have done in the past, I'm not going to be left with a lot of
> options.

During the hearing on the State's second motion to revoke, the court asked Clark about his

comprehension of the punishment range to which he was liable and about the State's allegations

that he violated the terms of his supervision, asking, in pertinent part:

> Do you understand that the range of punishment for a first degree felony offense
> is not less than five years and no more than 99 years or life in TDC with an
> optional fine up to $10,000?
>
>     . . . .
>
> . . . Do you understand that if the Court finds even one of [the State's] allegations
> to be true, the Court could revoke your probation and sentence you to TDC
> anywhere within the punishment range[?]

Clark cites *Howard v. State* in support of his argument that he was deprived of due

process. 830 S.W.2d 785 (Tex. App.—San Antonio 1992, pet. ref'd). In *Howard*, the defendant

---

[1]The first volume of the supplemental reporter's record indicates that the hearing was held in September 2012; however, the context of the hearing and the index page of the volume indicate that the transcribed events occurred in January 2012.

4

was not initially granted deferred adjudication but then filed a motion to reconsider the sentence. During the ensuing hearing to determine whether to grant the requested deferred adjudication, the trial court made several comments, including, "'[T]o me, the worst thing there is, is burglary of a habitation'" and "'*as far as I'm concerned, you can go to TDC for 99 years and stay there, do you understand that?* . . . You broke into those people's castle, their home. Burglary of a habitation, that's a first degree felony. You took their goods that they worked so hard to accumulate, and hocked them for money. You made a big, big mistake.'" *Id.* 786–87. More than once, the trial court informed the defendant of the full range of available punishment (which included an incarceration period from as little as five years to a maximum of life imprisonment), and warned the defendant that if he violated the terms of his supervision, "'the chances are very good that you'll get 99 years and a $10,000.00 fine.'" *Id.* at 787. At a later date, the defendant was found to have violated the conditions of his community supervision, and the trial court sentenced him to ninety-nine years' confinement and assessed a $10,000.00 fine. *Id.* The court of appeals reversed and remanded the sentence because it found that the trial court failed to consider a sentence lower than ninety-nine years, thereby violating the due process rights of the accused by failing to provide an impartial forum for the assessment of punishment. *Id.* at 788–89.

While Clark categorizes the trial court's utterances as demonstrating that the trial court lacked impartiality and imposed a predetermined sentence, we disagree. Assessing punishment, even if it is done erroneously, would not ordinarily, by itself, demonstrate that the trial court lacked impartiality. Here, the trial court's comments and the sentence imposed on Clark actually

5

show that the trial court did consider the full range of punishment. The thirty-year punishment assessed is on the more lenient end of the available punishment range of five years to life in prison. TEX. PEN. CODE ANN. §§ 12.32, 29.03 (West 2011). The thirty-year sentence is also significantly lower than the fifty or sixty years the trial court warned Clark he might receive if his community supervision was revoked, thereby distinguishing the facts of *Howard* from those of the present case. Based on the foregoing, we find that the trial court's comments do not demonstrate the prejudgment forbidden by law. Accordingly, even if this point of error had been preserved, we would overrule Clark's point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     July 5, 2013
Date Decided:      July 10, 2013

Do Not Publish