

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00062-CR

_____

JOE RAY CUMPIAN, II, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 26,763

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

On March 29, 2011, Joe Ray Cumpian, II, pled guilty to aggravated assault causing serious bodily injury.[1]  The trial court deferred his adjudication of guilt and placed Cumpian on eight years' community supervision.  Several years later, Cumpian was convicted in Rockwall County of possession of four grams or more, but less than 200 grams, of a controlled substance (methamphetamine) with intent to deliver, a first degree felony.[2]  The State moved to adjudicate his guilt and revoke his community supervision, and after a hearing, Cumpian was adjudicated guilty and sentenced to twenty years' imprisonment.  On appeal, Cumpian complains that he was denied due process because the trial court refused to consider the full range of punishment.[3]  Since there has been no showing that the trial court refused to consider the full range of punishment, we affirm the trial court's judgment.

## I.      Background

On July 12, 2016, the State filed its sixth motion to revoke Cumpian's community supervision and to adjudicate his guilt.  In its motion, the State alleged that on June 30, 2016, in Rockwall County, Texas, Cumpian committed the offense of (1) unlawful carrying of a weapon, (2) unlawful possession of a firearm by a felon, (3) manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of one gram or more, but less than four grams, and

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011).

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2017), § 481.112(d) (West 2017).

[3]Although Cumpian did not assert his complaint at the trial court, "[i]n the absence of a defendant's effective waiver, a judge has an independent duty . . . to consider the entire range of punishment in sentencing a defendant." *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014).  Since there was no effective waiver by Cumpian, we will consider the merits of his complaint. *See id.* at 743.

(4) manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of four grams or more, but less than 200 grams. After Cumpian pled true to committing the offense of manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of four grams or more, but less than 200 grams, the State apparently abandoned its weapon and firearm allegations, but still pursued both its allegations regarding the manufacture or delivery of a controlled substance.

During the revocation/adjudication phase of the hearing, the State introduced a certified copy of a judgment of conviction from Rockwall County showing that Cumpian had been convicted on November 22, 2016, of possession of four grams or more, but less than 200 grams, of a controlled substance in Penalty Group 1 with intent to deliver, a first degree felony; that he was sentenced to six years' imprisonment; and that Case No. 02-16-0446 for possession of a controlled substance in Penalty Group 1 in the amount of less than one gram was included as an unadjudicated offense pursuant to Section 12.45 of the Texas Penal Code.[4] The State also introduced a certified copy of the order dismissing Case No. 02-16-0446 pursuant to Section 12.45.

In addition, Cindy Ware, an employee of the Hunt County Community Supervision and Corrections Department, testified that Cumpian had been placed on community supervision on March 29, 2011, and that the State had filed its first and second motions to revoke on April 26, 2011, and May 26, 2011, respectively. Both motions had been dismissed. On June 6, 2012, the

---

[4]Section 12.45 allows a defendant during a sentencing hearing to admit guilt to one or more unadjudicated offenses and to request the court to take them into account in its sentencing. TEX. PENAL CODE ANN. § 12.45(a) (West 2011). The defendant may not be prosecuted for any admitted offense(s) the trial court takes into account. TEX. PENAL CODE ANN. § 12.45(c) (West 2011).

3

State filed its third motion to revoke, and Cumpian received a forty-five-day jail sanction. The State's fourth motion to revoke was filed on September 12, 2014, and was dismissed.

Ware also testified that Cumpian had two violation reviews in 2013 and that, by the second review, he had brought his payments up to almost current and was working his community service hours. His second violation review resulted from Cumpian associating with felons and his being in a bar. Cumpian was ordered to submit to a urine analysis, which resulted in the fourth motion to revoke alleging that the urine analysis was positive for codeine, morphine, and hydromorphone. That motion to revoke was also dismissed. The fifth motion to revoke was filed on December 17, 2014, and was also dismissed.

Finally, Ware testified that Cumpian is not a good candidate for community supervision because he does not take the conditions of his community supervision seriously and continues to associate with felons, go to bars, drink alcohol, and use drugs. Based on this evidence, and Cumpian's plea of true to the allegation that he committed the offense of manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of four grams or more, but less than 200 grams, the trial court found both that allegation, and the allegation that he committed the offense of manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of one gram or more, but less than four grams, to be true.[5]

---

[5]We note that there was no evidence supporting the trial court's finding that Cumpian committed the offense of manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of one gram or more, but less than four grams. Rather, the evidence showed that the offenses he committed were possessing a controlled substance in Penalty Group 1 in an amount of less than one gram and possessing four grams or more, but less than 200 grams, of a controlled substance in Penalty Group 1 with intent to deliver. Nevertheless, Cumpian does not challenge this finding on appeal. Further, some evidence supported the trial court's finding that Cumpian committed the offense of manufacturing or delivering a controlled substance in Penalty Group 1 in the amount of four grams or more, but less than 200 grams. This finding is sufficient to support the trial court's adjudication of guilt. *See Smith v. State*, 286

4

During the punishment phase, Cumpian offered the testimony of Kameron Fults, the victim of the aggravated assault. Fults testified that there was no weapon involved in the assault, that he had been drinking before the assault, and that he and Cumpian got into a fight. Although the fight sent Fults to the hospital, he said he told the police that he did not want to file charges. He also testified that he and Cumpian had been friends for over ten years and had worked at the same workplaces. He asked the trial court to consider punishment at the low end of the punishment range. Fults also admitted that he had a 2009 conviction for possession of a controlled substance and that, if he were given a urine analysis, he would test positive for marihuana. However, he explained that he had recently moved back from Colorado and had last used marihuana three weeks earlier.

Cumpian also testified on his own behalf. He testified that the aggravated assault occurred when he intervened in a fight between Fults and his wife. He said he punched Fults one time and broke his jaw. He testified that the first motion to revoke arose out of his arrest for theft. He explained that he had purchased a cell phone from his brother that, unknown to him, was stolen property. When his brother confessed to the theft, the charges were dropped. He explained the motion to revoke alleging that he was in a bar and associating with felons as arising from a Facebook post of a photograph of Fults and him at work. The motion was dismissed when he proved it was from his workplace, not a bar. He claimed the other motions to revoke were for

S.W.3d 333, 343 (Tex. Crim. App. 2009) (finding that the trial court was justified in revoking the appellant's community supervision where trial court found appellant violated three of four violations alleged and appellant challenged only one ground); *see also Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").

being behind on fees and community service and that, before his current incarceration, he had gotten current on his fees and completed his community service hours. He asked the trial court for a low sentence, explaining that he was twenty-one years old at the time of the assault and that he was young and stupid.

On cross-examination, Cumpian admitted that his second motion to revoke alleged that he had assaulted his wife, but that it was found not true. He also admitted that his third motion to revoke alleged that he had burglarized a house and assaulted a woman causing bodily injury. He claimed that he had never heard about the assault and that the burglary charge arose from a misunderstanding with his former wife. Regarding the current allegations, he admitted that he pled guilty and was sentenced to six years' imprisonment for manufacturing or delivering four grams or more, but less than 200 grams, of methamphetamine. He also admitted that he knew that the conditions of his community supervision included that he was not to be around drugs and that he was not to commit any new offenses, but that he did so anyway.

After the arguments of the parties, the trial court sentenced Cumpian to twenty years' imprisonment, and made the following statement, *inter alia*:

> THE COURT:  . . . . Mr. Cumpian, having adjudicated you guilty in this case, I sentence you to 20 years in the Texas Department of Criminal Justice, which is a maximum sentence in this case, as it should be. When you are on felony probation out of this Court and you go and commit a new felony offense and especially a manufacture and delivery of drugs, to come in here and ask me for anything less than the maximum sentence is kind of a waste of your time.

6

## II. Analysis

Cumpian points to the above statement by the trial court, and an earlier comment by the trial court,[6] as "clear and overt" statements that it would only consider the maximum sentence, and that it was dismissive of any mitigating evidence. As a result, he contends, this shows that the trial court refused to consider the entire range of punishment and, therefore, that he was denied due process. We disagree.

Due process requires that a neutral and detached judicial officer consider the entire range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). "A court denies due process . . . if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment." *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002)). Unless there is a clear showing to the contrary, we presume that the trial court was neutral and detached and that it did not act arbitrarily. *See Roman v. State*, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

The record in this case does not clearly show that the trial court refused to consider the full range of punishment or the mitigating evidence. The exchange between the trial court and Cumpian, and its comments after sentencing, occurred after the trial court had heard and apparently considered all of the evidence presented at both phases of the revocation hearing. Further, Cumpian ignores the additional comments by the trial court in which it explained the reasons for

---

[6]When the trial court questioned Fults regarding what a urine analysis would show and Fults admitted it would be positive for marihuana, Cumpian asked to ask Fults one question. The trial court responded, "It won't matter at this point." Cumpian then elicited testimony from Fults that the last time he smoked marihuana was three weeks prior to trial.

assessing the maximum punishment, emphasizing that Cumpian had had five prior motions to revoke that had been resolved in his favor,[7] that he had previously had a forty-five-day jail sanction, and that he had nevertheless committed a new felony offense. There is nothing in the exchange, or in the trial court's comments, that indicate that it had predetermined the sentence to be imposed, or that it did not consider the full range of punishment.[8] Rather, the exchange and the trial court's comments show that its determination was based on the nature of the offense, on Cumpian's response to the leniency shown by the trial court in his prior motions to revoke, and on the serious nature of his subsequent felony offense.

Since the record does not clearly show that the trial court did not consider the full range of punishment, we find that the trial court did not err. We overrule Cumpian's sole point of error.

---

[7] The judge who placed Cumpian on deferred adjudication community supervision and who heard the prior motions to revoke was the former judge of the 354th Judicial District Court.

[8] The cases cited by Cumpian where appellate courts found that the trial court had predetermined the sentence imposed are clearly distinguishable. *See Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam); *Howard v. State*, 830 S.W.2d 785 (Tex. App.—San Antonio 1992, pet. ref'd); *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd); *Cole v. State*, 757 S.W.2d 864, 865 (Tex. App.—Texarkana 1988, pet. ref'd). In each of those cases, the record showed that the trial court had told the defendant when it placed him on deferred adjudication that he would receive a specific sentence if he violated community supervision, then imposed that sentence at the adjudication hearing. *See Brown*, 158 S.W.3d at 451–52, 456; *Howard*, 830 S.W.2d at 787; *Jefferson*, 803 S.W.2d at 470–72; *Cole*, 757 S.W.2d at 864–65. Thus, there was a clear showing in those cases that the trial court had not considered the full range of punishment and had imposed a predetermined sentence. In this case, however, there is no indication in the record, nor does Cumpian contend, that the trial court told him at the time he was placed on deferred adjudication that he would receive a certain sentence if he violated the supervision order. Further, the record in this case shows that the trial court considered the evidence and that the proceedings "continue[d] as if the adjudication of guilt had not been deferred." *See* Tex. Code Crim. Proc. Ann. art. 42A.110(2) (West Supp. 2017).

For the reasons stated, we affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     February 2, 2018
Date Decided:       February 5, 2018

Do Not Publish